IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,               No. CR. S-04-305 DFL

  v.

                          O R D E R

JAIME RUIZ-ESTRELLA, et al.,

    Defendants.

_____/

    Defendants move to suppress evidence obtained from the court ordered wiretap. The ground for suppression is that the affidavit in support of the wiretap application fails to show necessity to justify a wiretap. The motion is DENIED.

    The wiretap statute requires a finding by the authorizing judge that "normal investigative procedures have been tried and failed or reasonably appear unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)©. The application for the wiretap must include a detailed discussion as to why other investigative techniques are unlikely to succeed.

    The application in this case thoroughly discusses other

investigative methods and why those methods either have been tried without sufficient success or would be unlikely to succeed. See Application at 107-146.

Defendants' arguments boil down to two contentions. First, they argue that the application concedes that further surveillance could result in the arrest of defendant Ruiz-Estrella and others. But this is not a fair reading of the application. The application says that continued surveillance, if not compromised,

> may eventually (which has not been the case in 14 attempts) lead to the seizure of another large clandestine laboratory which in turn would lead to arrests of several known or unknown Target Subjects . . . However . . . this would again only disrupt the organization rather than completely dismantle the organization which is the goal of this investigation. Application at 117-118.

A fair reading of this statement is not a prediction that Ruiz-Estrella likely would be apprehended by surveillance, but rather that even were this to occur the goals of the investigation would not be achieved. The statement is not inconsistent with the "reasonably unlikely to succeed" standard.

Moreover, and this is the basis of the defendants' second argument, the real point of the statement above is that surveillance cannot achieve the goal of the investigation because that goal is not to take down another methamphetamine lab but to dismantle the Ruiz-Bravo drug organization. Defendants state that this goal is impermissibly broad and that several cases so hold. The court does not agree.

2

1  What is of primary significance in this case is that
2  traditional investigative techniques were already used on this
3  very drug organization: a laboratory was discovered in 2003 and
4  numerous arrests and prosecutions followed.  Yet the organization
5  had survived and had re-constituted itself quickly, apparently
6  inserting new personnel into an established structure.  Given
7  this history, the application explains that the current goal of
8  the investigation is to seek out the sources of the chemicals
9  used to make the drugs and to uncover the network used to
10 distribute them.  The goal of dismantling this organization by
11 discovering from whom it obtains chemicals and through whom it
12 distributes methamphetamine is not impermissibly broad or vague.
13 Nor is it tantamount to manufacturing necessity by asserting a
14 goal of discovering every possible co-conspirator, a goal that
15 courts have found inadequate to support necessity since such a
16 showing could be made in virtually any case given the broad scope
17 of conspiracy liability.
18    For the above stated reasons, the motion to suppress is
19 DENIED.
20    IT IS SO ORDERED.
21 Dated: 9/9/2005

_____
DAVID F. LEVI
United States District Judge